STATE OF HAWAI`I, Plaintiff-Appellee,
v.
KEVIN R. MACARTHUR, Defendant-Appellant.
No. 27706.
Intermediate Court of Appeals of Hawaii.
February 14, 2007.
On the briefs:
Matthew S. Kohm, for Defendant-Appellant.
Gerald K. Enriques, Deputy Prosecuting Attorney, County of Maui, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
BURNS, C.J., LIM AND NAKAMURA, JJ.
Kevin Roger MacArthur (Defendant) appeals the three December 9, 2005 judgments of the District Court of the Second Circuit (district court)[1] that convicted him of driving under the influence of alcohol (DUI) (count one), reckless driving (count two), and inattention to driving (count three), respectively.
After a painstaking review of the record and the briefs submitted by the parties, and giving careful consideration to the arguments advanced and the issues raised by the parties, we resolve Defendant's points of error on appeal as follows:
1. Given the prerogative of the finder of fact to determine the credibility of the witnesses and the weight of the evidence, State v. Taliferro, 77 Hawai'i 196, 201, 881 P.2d 1264, 1269 (App. 1994), and to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence, State v. Eastman, 81 Hawai'i 131, 135, 913 P.2d 57, 61 (1996), we conclude there was substantial evidence to support the material element of operation as to all three charges. Id.
2. There was sufficient foundation for the arresting officer to testify whether he had determined the identity of the driver of the vehicle, Rule 602, Hawaii Rules of Evidence, Chapter 626, Hawaii Revised Statutes (HRS) (1993); Rule 602 Commentary, and even if there was not, any error was decidedly nugatory. State v. Mitchell, 94 Hawaii 388, 398, 15 P.3d 314, 324 (App. 2000).
3. Defendant's contention  that the district court erred when it confirmed for the record that the arresting officer had correctly identified the driver of the truck  is faulty. The district court stated for the record a simple tautology  that the witness had identified Defendant, driver or not. At any rate, Defendant was offered the opportunity to subject the arresting officer to "testing in the crucible of crossexamination[,]" Crawford v. Washington, 541 U.S. 36, 61 (2004), and though he declined, his right to confrontation thereby remained, nonetheless, unsullied and fully sustained.
4. We decide that the district court erred in convicting in both count two and count three because the district court's decision failed the test articulated in State v. Matias, 102 Hawaii 300, 305, 75 P.3d 1191, 1196 (2003), for applying HRS § 701-109(1)(e) (1993).
Therefore,
IT IS HEREBY ORDERED that the two December 9, 2005 judgments of the district court that convicted Defendant of DUI (count one) and reckless driving (count two), respectively, are affirmed, and the judgment of even date convicting him of inattention to driving (count three) is reversed.
NOTES
[1] The Honorable Reinette W. Cooper presided.